CAUSE NO. **71855-A**

| | | |
|---|---|---|
| ANDY GERRAGAUCH | § | IN THE COUNTY COURT |
| | § | |
| V. | § | |
| | § | AT LAW **2** |
| CONTINENTAL STRUCTURAL | § | |
| PLASTICS HOLDING | § | |
| CORPORATION, TRANE U.S. INC | § | |
| and INGERSOLL-RAND COMPANY | § | SMITH COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE:

COMES NOW, **ANDY GERRAGAUCH**, Plaintiff, and hereby complains of **CONTINENTAL STRUCTURAL PLASTICS HOLDING CORPORATION, TRANE U.S. INC., AND INGERSOLL-RAND COMPANY**, Defendants, and for cause of action states:

I.

**DISCOVERY PLAN**

Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.

II.

**PARTIES**

Plaintiff resides in Corpus Christi, Nueces County, Texas. Plaintiff can be identified by his driver's license number of XXXXX600 and his Social Security Number of XXX-XX-X590.

Defendant Continental Structural Plastics Holding Corporation, hereinafter referred to as CSP, is a foreign corporation doing business in the State of Texas. Defendant may be served with service of process by serving its registered agent, **CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.**

Defendant Trane U.S. Inc. hereinafter referred to as Trane, is a foreign corporation doing business in the State of Texas. Defendant may be served with service of process by serving its registered agent, **Corporation Service Company d/b/a CSC -Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.**

Defendant Ingersoll-Rand Company hereinafter referred to as Ingersoll-Rand, is a foreign corporation doing business in the State of Texas. Defendant may be served with service of process by serving its registered agent, **Corporation Service Company d/b/a CSC -Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.**

## III.

## VENUE

Jurisdiction is proper in that the amount in controversy greatly exceeds the minimum jurisdictional requirements of this Court.

Pursuant to Section 15.001 et seq of the Texas Civil Practice and Remedies Code, venue is proper in Smith County in that all or part of this cause of action accrued in Smith County, Texas.

## IV.

## FACTUAL BACKGROUND

On or about May 23, 2018, Plaintiff was an employee of Ruan Transportation and was instructed to pick up a trailer loaded by CSP at the Trane f/k/a Ingersoll-Rand location in Tyler, Smith County, Texas. As a result of the purpose of Plaintiff's visit to such premises, Plaintiff was at all times an invitee as that phrase is known in the law. While still on the Trane f/k/a Ingersoll-Rand property, Plaintiff opened the trailer door and the poorly loaded and unrestrained cargo fell on him. As a result Plaintiff suffered serious bodily injuries.

# V.

## NEGLIGENCE OF CONTINENTAL STRUCTURAL PLASTICS HOLDING CORPORATION

Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff as a result of a dangerous condition on Defendant's property. The Defendants were guilty of acts and/or omissions which constituted negligence. These acts and/or omissions include, but are not limited to, the following:

1. In failing to load the trailer in a safe, secure and prudent manner;

2. In failing to secure the load in the trailer to prevent freight from shifting and falling onto Plaintiff.

3. In failing to have policies and procedures in place to ensure that freight was properly loaded into Defendant's trailer;

4. In failing to follow safe and prudent policies and procedures when loading freight into Defendant's trailers;

5. In failing to warn Plaintiff that freight in the trailer was unsecured and constituted a hazard to Plaintiff;

6. In failing to warn Plaintiff that freight in the trailer could fall on Plaintiff and cause serious, permanent injury;

7. Negligent in failing to properly immobilize the freight inside the trailer to prevent load shifting;

8. Negligent in failing to use dunnage, chocks, tie down, wrapping, cargo netting and/or other cargo securement devices to prevent load shifting;

9. Negligent in the manner in which the freight was loaded into Defendant's trailer;

10. Negligent in improperly securing freight in the trailer;

11. Negligent in training, instructing and/or supervising employees, agents and/or servants in the proper method to safely and securely load a trailer;

12. Negligent in failing to use a load lock bar or any other securement device to secure the freight.

## VI.

## NEGLIGENCE OF TRANE f/k/a INGERSOLL-RAND

Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff as a result of a dangerous condition on Defendant's property. The Defendants were guilty of acts and/or omissions which constituted negligence. These acts and/or omissions include, but are not limited to, the following:

1. Negligent in failing to maintain a safe premises;

2. Negligent in failing to inspect the premises/trailer for potential hazards which could result in damages to visitors;

3. Negligent in failing to warn Plaintiff that the load was unsecured; and

4. Negligent in training, instructing and/or supervising employees, agents and/or servants in the proper method to safely and securely load a trailer.

## VII.

## RESPONDEAT SUPERIOR

Plaintiff further alleges that at all material times hereto Defendant's agents, servants and employees were acting within the course and scope of their employment and in the furtherance of the business interests of the various Defendants. In this regard, Plaintiff invokes the doctrine of *respondeat superior* and alleges that any and all negligent acts and/or omissions on the part of the agents, servants and employees of the Defendants is imputed to the respective defendants and the Defendants are vicariously liable for all negligent acts and/or omissions alleged herein, that have been perpetrated by said agents, servants and/or employees.

## VIII.

At the time and on the occasion in question, Plaintiff was an invitee on Defendant's property, having gone there for the purpose of transporting a trailer loaded with cargo.

During the course of Plaintiff's visit on Defendant's premises, Plaintiff was caused to suffer injury by merchandise falling out of a trailer which was the direct result of an unreasonably dangerous condition on Defendant's premises. Defendant knew of the unreasonably dangerous condition and neither corrected nor warned the Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant's failure to correct the condition or to warn Plaintiff constituted negligence, and such negligence was a proximate cause of the occurrence in question and the Plaintiff's resulting injuries. Plaintiff's conduct was reasonable and prudent at all times and did not in any way contribute to the incident and ensuing injuries suffered by Plaintiff.

## IX.

### INJURIES

Plaintiff sustained the following serious bodily injuries as a direct and proximate result of the Defendant's negligence:

a. Head;

b. Neck;

c. Back;

d. Ankles;

e. Left foot; and

f. Teeth.

## X.

## DAMAGES

As a direct and proximate result of the negligence of Defendants in not keeping the premises safe, Plaintiff has suffered the following damages:

a. Past medical expenses in the amount in excess of the jurisdictional limits of the Court;

b. Future medical expenses in excess of the minimum jurisdictional limits of the Court;

c. Past and future physical disability in excess of the minimum jurisdictional limits of the Court;

d. Past and Future pain and suffering and mental anguish in excess of the minimum jurisdictional limits of the Court;

e. Lost earnings and lost earning capacity in excess of the jurisdictional limits of the Court; and

f. Physical impairment in excess of the minimum jurisdictional limits of the Court.

## XI.

Plaintiff asks the jury to be fair to Plaintiff, to award Plaintiff all Plaintiff's medical expenses in the past and future as stated above. Additionally, regarding Plaintiff's non-economic claim, including disfigurement, pain and suffering, mental anguish, impairment and loss of consortium, and costs of Court, case expenses, attorney's fees, pre-judgment and post-judgment interest, Plaintiff asks that the jury be fair in awarding these damages. Plaintiff relies on the jury's good conscience and requests the jury award him monetary relief over $1,000,000.00.

## XII.

Plaintiff hereby gives actual notice to Defendants that any and all documents produced by Defendants may be used against the Defendants at any pretrial preceding and/or at the trial of this matter without the necessity of authenticating the documents pursuant to Rule 193.7, Texas Rules

Gerragauch
Original Petition                                                                                                          Page 6

of Civil Procedure.

## XIII.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 30 days after the service of this request, the information or material described in Rule 194.2(a)-(1) and Rule 190.2(b)(6), if applicable. A response to a request under this rule is due according to Texas Rules of Civil Procedure 195.2.

## PRAYER FOR RELIEF

**FOR THE REASONS STATED**, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein and that Plaintiff, upon final trial of this cause, have judgment against Defendants, in an amount in excess fo the minimum jurisdictional limits of this Court, for costs of Court, pre-judgment and post-judgment interest at the highest legal rate, for the recovery of actual damages, and for such other and further relief, both special and general, to which Plaintiff may be entitled, in that of law and equity.

Respectfully Submitted,

LONCAR ASSOCIATES

_____
BRANDON RAMSEY
State Bar No. 24027761
bramsey@loncarassociates.com
jclower@loncarassociates.com **(E-Service)**

223 E. Charnwood St.
Tyler, Texas 75701
903-509-2255
903-509-2983 - Fax

ATTORNEYS FOR PLAINTIFF